Duy Thai, SBN 157345
One Sansome Street, Suite 1400
San Francisco, California 94104
Tel: (415) 296-9927
Email: duy@duythai.com

Attorney for Creditor Charles Li

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>DEMAS WAI YAN,<br><br>Debtor. | Case No.: 26-30779-HLB<br>Chapter 7<br><br>CREDITOR CHARLES LI'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING EXAMINATION OF AND PRODUCTION OF DOCUMENTS BY DEBTOR DEMAS WAI YAN<br>[Fed. R. Bankr. P. 2004; B.L.R. 2004-1] |

**TO THE CLERK OF THE UNITED STATES BANKRUPTCY COURT:**

Creditor Charles Li ("Li") submits this ex parte application in the above-captioned Chapter 7 case of Demas Wai Yan (the "Debtor" or "Yan") for an order authorizing an oral examination of, and the production of documents by, the Debtor pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Bankruptcy Local Rule 2004-1 (the "2004 Examination"). A 2004 Examination of the Debtor is necessary to fully investigate the Debtor's assets, liabilities, and financial affairs, and matters affecting the administration of the estate.

## I. BACKGROUND

On September 3, 2026, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Dkt. No. 1. Sarah L. Little was appointed as the interim Chapter 7 trustee; on September 28, 2026, Michael G. Kasolas was appointed as successor trustee (the "Trustee"). Dkt. No. 16.

This is not the Debtor's first bankruptcy case. Long ago, Debtor filed a Chapter 7 case in this Court, No. 04-33526, on December 19, 2004 and received a discharge on June 26, 2007. Debtor filed a Chapter 13 case on November 4, 2022, No. 22-30601, which was dismissed November 14, 2022. On June 11, 2026, he filed a Chapter 7 petition in this Court, No. 26-30518, which was dismissed on June 26, 2026 for failure to file required documents. See List of Debtor's Prior Filings (docket entry of September 18, 2026).

On September 16, 2026, after this Court issued an Order to File Required Documents and Notice of Automatic Dismissal (Dkt. No. 5), the Debtor filed his schedules, statement of financial affairs, and statement of intention (Dkt. No. 11), together with an amended creditor matrix (Dkt. No. 12). The Debtor scheduled one parcel of real property, 2004 West Lagoon Road, Pleasanton, California (the "Lagoon Road Property"), valued at $2,363,500, and total liabilities of $11,057,903.90. Dkt. No. 11. The Debtor lists his address as 1433 7th Avenue, San Francisco, California. Dkt. No. 1.

Li is a creditor of the Debtor and is listed on the Debtor's creditor matrix. Dkt. No. 12. Li holds a judgment in *Charles Li v. Demas Yan*, CGC-10-497990, with an outstanding balance of $1,498,422.01; a judgment in *Charles Li v. Thai Ming Chiu, et al.*, CGC-14-537574, with an outstanding balance of $2,259,709.50; and a judgment in *Charles Li v. Meiling Fang, et al.*, CGC-18-571386, with an outstanding balance of $1,404,461.10. All of the matters are in the San Francisco County Superior Court.

The first meeting of creditors under 11 U.S.C. § 341(a) was held on November 12, 2026 (Dkt. No. 17). Li's undersigned counsel and three other creditors questioned the Debtor, who constantly repeated the questions to himself, took long time

to consider simple questions, and gave evasive, nonresponsive answers. On direct questions about whether he was paying an attorney for other parties, and what is the source of those payments, Debtor repeatedly stated that this was not his attorney (which was not the question but vitiates any attorney-client privilege that he should ever assert) and refused to answer whether he had expended estate funds for the legal activities of others. Debtor was asked about the multimillion-dollar tax liabilities that he scheduled and what income or capital gains were the bases of such taxes. (In his schedules, Debtor claims to have negligible current income.) Debtor did not answer but, rather, testified that the figures were just what the Internal Revenue Service and the Franchise Tax Board believed he should have reported. Debtor also testified that he worked as a caregiver for his mother and handled her financial affairs, including at least one limited liability company he said she owned, but Debtor insisted that he was not commingling his finances with her. Debtor also testified that he is managing a building for a "distant relative," who turns out to be his mother-in-law and doing it "for free."

The deadline to object to discharge or to the dischargeability of debts is December 7, 2026. Dkt. No. 17.

Debtor's schedules and testimony at the 341 meeting indicate that Debtor has undisclosed income, assets, economic interests, and remunerative relationships with other parties. Creditor Li needs more time to probe his evasive and confusing answers at the 341 meeting. For example, Debtor's allegation that he owes millions of dollars in taxes necessarily means that tax authorities believe he had earned income and/or engaged in transactions that are not reflected in his Schedules. Creditor Li is entitled to inquire into what the IRS and FTB said about his taxes.

The Debtor lives and works in the Bay Area, within 100 miles of the office where Li proposes to conduct the examination. Li requests a 2004 Examination of the Debtor, including the production of relevant documents in his possession, custody, or control, so that Li can investigate the Debtor's assets and financial affairs.


Case: 26-30779 Doc# 25 Filed: 11/12/26 Entered: 11/12/26 19:24:35 Page 3 of 6

A proposed order authorizing the 2004 Examination is attached hereto as Exhibit A.

## I. LEGAL DISCUSSION

### A. Creditor Charles Li Is Entitled to a 2004 Examination of the Debtor Pursuant to Bankruptcy Rule 2004 and Applicable Local Rules.

Bankruptcy Rule 2004(a) provides that "[o]n a party in interest's motion, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). The term entity includes persons, 11 U.S.C. § 101(15), and plainly includes a debtor. Rule 2004(d) further provides: "The court may, for cause and on terms it may impose, order the debtor to be examined under this Rule 2004 at any designated time and place, in or outside the district." Fed. R. Bankr. P. 2004(d).

There is no requirement for a subpoena that must be personally served upon a petitioning debtor. Such a party has already appeared and availed itself of the jurisdiction of the Court. By contrast, Rule 2004(c) provides the means to compel other parties and entities to appear for examination by means of a Fed. R. Civ. Pro. 45 subpoena. Thus, Rule 2004 reflects the traditional discovery practice that a party to a pending proceeding does not have to be subpoenaed but a nonparty would be subpoenaed. Local Bankruptcy Rule 2004-1(a) provides: "The Clerk may issue on behalf of the Court, ex parte and without notice, orders granting applications for examination of an entity pursuant to Bankruptcy Rule 2004(a)." Should the Court require a subpoena, creditor Li requests that the subpoena may be served by United States Postal Service first-class mail to the Debtor's address of record in this case, 1433 7th Avenue, San Francisco, California 94122.

### B. The Court Should Broadly Authorize a 2004 Examination of the Debtor to Investigate His Assets and Financial Affairs.

"The court may, for cause and on terms it may impose, order the debtor to be examined under this Rule 2004 at any designated time and place, in or outside the district." Fed. R. Bankr. P. 2004(d). Examinations under Bankruptcy Rule 2004 may include any matter related to assets, liabilities, or the financial condition of the debtor;

any matter which may affect the administration of a debtor's estate; or the debtor's right to a discharge. See Fed. R. Bankr. P. 2004(b).

The purpose of a Bankruptcy Rule 2004 examination is "to allow inquiry into the debtor's acts, conduct or financial affairs so as to discover the existence and location of assets of the estate." *In re Dinubilo*, 177 B.R. 932, 940 (E.D. Cal. 1993). *See also In re N. Plaza LLC*, 395 B.R. 113, 122 n. 9 (S.D. Cal. 2008) (purpose of Bankruptcy Rule 2004 examination is "discovering assets and unearthing frauds") (internal citations omitted); *In re Fearn*, 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989) (rule's primary purpose is to ascertain "the extent and location of the estate's assets") (internal citations omitted). The scope of an examination permitted under Bankruptcy Rule 2004 is "unfettered and broad." *In re Dinubilo*, 177 B.R. at 939. See also *In re W&S Investments, Inc.*, 985 F.2d 577 (9th Cir. 1993) ("The scope of inquiry permitted under a Rule 2004 examination is generally very broad and can legitimately be in the nature of a 'fishing expedition.'") (internal citations omitted). "[T]he clear intent of Rule 2004 . . . is to give parties in interest an opportunity to examine individuals having knowledge of the financial affairs of the debtor in order to preserve the rights of creditors." *In re GHR Companies, Inc.*, 41 B.R. 655, 660 (Bankr. D. Mass. 1984).

Some of the topics Creditor Li needs to examine Debtor about include, but are not limited to:

1. Debtor's "management" of a real property at 547 23rd Avenue, San Francisco, California, that Debtor does not schedule as one of his assets; Debtor's collection and handling of rents; Debtor's payment of its expenses and mortgage obligations; and Debtor's listing of the property as a short-term rental as recently as 2026.

2. Debtor's funding of the legal expenses of other persons and entities, whether Debtor has any financial interest in the legal subject matter or in the entities he is financially supporting with estate funds.

3. Debtor's connection to numerous entities, including but not limited to J1K5 LLC and 29181 LLC.


Case: 26-30779 Doc# 25 Filed: 11/12/26 Entered: 11/12/26 19:24:35 Page 5 of 6

4. Debtor's management of the finances of his mother, Tina Yan, who was revealed to have dementia when she filed for bankruptcy in this Court; any commingling of estate funds and assets with hers; any economic benefit Debtor receives thereby; how Debtor has lived for years rent-free in real property that purportedly is owned by his mother; and any other undisclosed interest he holds in his mother's real properties.

Accordingly, Li seeks a 2004 Examination of the Debtor, consisting of the production of the documents described in the attachment to the proposed order and the oral examination of the Debtor in San Francisco, California, on December 15, 2026, at 9:30 a.m., or on such other dates and times as may be agreed.

WHEREFORE, Li respectfully requests that the Court:

1. Grant this Application.

2. Enter the attached order (Exhibit A) authorizing an oral examination of the Debtor on December 15, 2026, at 9:30 a.m. (or any other date and time mutually agreed upon by the parties); ordering the Debtor to appear for that examination at **Jan Brown & Associates, Court Reporters, 701 Battery Street, San Francisco, California**; and requiring the Debtor to produce the requested documents by delivering originals or copies to creditor Li's counsel's above-referenced address before close of business on **December 10, 2026**.

3. Order such other and further relief as may be appropriate.

DATED: **November 12, 2026**

/s/ Duy Thai
Duy Thai
Attorney for Creditor Charles Li