Entered on Docket
November 24, 2026
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: November 24, 2026

HANNAH L. BLUMENSTIEL
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>DEMAS WAI YAN,<br><br>Debtor. | Case No. 26-30779 HLB<br><br>Chapter 7 |

## ORDER DENYING CREDITOR'S EX PARTE MOTION FOR RULE 2004 EXAMINATION

This case comes before the court on Creditor Charles Li's ex parte motion for a Bankruptcy Rule 2004 examination,[1] filed on November 12, 2026.[2] The Motion seeks the turnover of documents related to Debtor *pro se* Demas Wai Yan's financial affairs, connections to various entities, and involvement with third parties.

Although broad, Bankruptcy Rule 2004 is not without its limitations:

> Bankruptcy Rule 2004 is a broadly construed discovery device which permits any party in interest in a bankruptcy

---

[1] Unless otherwise indicated, all statutory citations shall refer to Title 11 of the United States Code (the "Bankruptcy Code") and all citations to a "Bankruptcy Rule" shall refer to one of the Federal Rules of Bankruptcy Procedure.

[2] Dkt. 25 (the "Motion").

proceeding to move for a court order to examine any entity so long as the examination relates to “acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.” The scope of inquiry permitted under a Rule 2004 examination is generally very broad and can “legitimately be in the nature of a ‘fishing expedition.’” Such an examination, however, cannot be “‘used for purposes of abuse or harassment’ and it ‘cannot stray into matters which are not relevant to the basic inquiry.’”[3]

The Court understands and appreciates Mr. Li’s frustration, but the Motion is overbroad. There are no time limits on the documents he demands, and many demands seek material that will include personal and financial information of third parties—not just the Debtor.

Furthermore, a very competent trustee has docketed a no asset report, meaning she has investigated the very things Mr. Li insists he must examine. Therefore, the Motion appears either superfluous or is a veiled attempt to harass Mr. Yan, which is not an acceptable use of Bankruptcy Rule 2004.

Accordingly, the court **ORDERS** the Motion **DENIED**.

****END OF ORDER****

---

[3] In re W & S Investments, Inc., 985 F.2d 577 (9th Cir. 1993)(internal citations omitted).



Case: 26-30779 Doc# 28 Filed: 11/24/26 Entered: 11/24/26 16:47:01 Page 2 of 3

**Court Service List**

Demas Wai Yan
1433 7th Ave
San Francisco, CA 94122